

NO. 19,445

| | | |
|---|---|---|
| RUMALDO G. ADAMES<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 32ND JUDICIAL DISTRICT |
| | § | |
| TWISTED S ENTERPRISES, INC.,<br>TRIPLE S HYDROSTATIC, INC.,<br>HUDSON SERVICES, INC. and<br>DAVID KYLE CORNWELL<br>Defendants. | § | |
| | § | |
| | § | |
| | § | OF NOLAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** RUMALDO G. ADAMES, hereinafter called Plaintiff, complaining of and about TWISTED S ENTERPRISES, INC., TRIPLE S HYDROSTATIC, INC., HUDSON SERVICES, INC. and DAVID KYLE CORNWELL, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Rumaldo G. Adames, is an Individual whose address is 510 W. New Mexico Ave, Sweetwater, Texas 79556.

3.    The last three numbers of Rumaldo G. Adames's driver's license number are 306. The last three numbers of Rumaldo G. Adames's social security number are 635.

4.    Defendant Twisted S Enterprises, Inc., a foreign corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Tim Sonnier at 100 Park West Drive, Scott, Louisiana 70583, its registered office. Service of said Defendant as described above can be effected by personal



delivery.

5.      Defendant Triple S Hydrostatic, Inc., a foreign corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Tim Sonnier at 100 Park West Drive, Scott, Louisiana 70583, its registered office. Service of said Defendant as described above can be effected by personal delivery.

6.      Defendant Hudson Services, Inc., a foreign corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, John M. Dubreuil at 227 Highway 21, Madisonville, Louisiana 70447, its registered office. Service of said Defendant as described above can be effected by personal delivery.

7.      Defendant David Kyle Cornwell, an Individual who is a resident of Louisiana, may be served with process at his home at the following address: 8351 Crouch Road, Mooringsport, Louisiana 71060.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

8.      The subject matter in controversy is within the jurisdictional limits of this court.

9.      Plaintiff seeks:

    a.      monetary relief over $200,000 but not more than $1,000,000.

10.      This court has jurisdiction over Defendants, Twisted S Enterprises, Inc., Triple S Hydrostatic, Inc. and Hudson Services, Inc., because said Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of



jurisdiction over Twisted S Enterprises. Inc.. Triple S Hydrostatic. Inc. and Hudson Services. Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11.    Venue in Nolan County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

12.    On or about December 15. 2011. Plaintiff Rumaldo G. Adames was traveling West in the 100 Block of NE Georgia in Sweetwater, Nolan County. Texas. Defendant David Kyle Cornwell was traveling East in the 100 Block of NE Georgia.  As Defendant David Kyle Cornwell's vehicle approached Plaintiff's vehicle, the equipment being transported by Defendant David Kyle Cornwell came off his vehicle and crashed into Plaintiff's vehicle in the front left driver's side.  Defendant David Kyle Cornwell was hauling equipment (a large water pump and motor) that was not properly secured onto his vehicle.  The impact of the collision caused Plaintiff to suffer severe injuries as more particualarily described herein.

### PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT
### AGAINST TWISTED S ENTERPRISES, INC., TRIPLE S HYDROSTATIC, INC.
### AND HUDSON SERVICES, INC.

13.    On December 15. 2011. Defendant Twisted S Enterprises. Inc.. Triple S Hydrostatic. Inc. and/or and Hudson Services. Inc. was the owner of the vehicle operated by David Kyle Cornwell.

14.    Defendant Twisted S Enterprises. Inc.. Triple S Hydrostatic. Inc. and/or Hudson Services. Inc. entrusted the vehicle to David Kyle Cornwell. a reckless and incompetent driver.



15.     Defendant Twisted S Enterprises, Inc., Triple S Hydrostatic, Inc. and/or Hudson Services, Inc knew, or through the exercise of reasonable care should have known, that David Kyle Cornwell was a reckless and incompetent driver.

16.     As described herein, David Kyle Cornwell was negligent on the occasion in question.

17.     David Kyle Cornwell's negligence was the proximate cause of Plaintiff's damages

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DAVID KYLE CORNWELL

18.     Defendant David Kyle Cornwell had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

19.     Plaintiff's injuries were proximately caused by Defendant David Kyle Cornwell's negligent, careless and reckless disregard of said duty.

20.     The negligent, careless and reckless disregard of duty of Defendant David Kyle Cornwell consisted of, but is not limited to, the following acts and omissions:

      A.    In that Defendant David Kyle Cornwell failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

      B.    In that Defendant David Kyle Cornwell failed to properly secure the equipment he was transporting onto his vehicle in a manner that would have prevented it from falling off his vehicle and crashing into Plaintiff's vehicle; and

      C.    In that Defendant David Kyle Cornwell failed to prevent his load from falling onto Plaintiff's vehicle.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR
## AGAINST TWISTED S ENTERPRISES, INC., TRIPLE S HYDROSTATIC, INC.
## AND HUDSON SERVICES, INC.

21.     At the time of the occurrence of the act in question and immediately prior thereto,



David Kyle Cornwell was within the course and scope of his employment for Defendant Twisted S Enterprises, Inc., Triple S Hydrostatic, Inc. and/or Hudson Services, Inc.

22.    At the time of the occurrence of the act in question and immediately prior thereto, David Kyle Cornwell was engaged in the furtherance of Defendant Twisted S Enterprises, Inc.'s, Triple S Hydrostatic, Inc.'s and/or Hudson Services, Inc.'s business.

23.    At the time of the occurrence of the act in question and immediately prior thereto, David Kyle Cornwell was engaged in accomplishing a task for which David Kyle Cornwell was employed.

24.    Plaintiff invokes the doctrine of <u>Respondeat Superior</u> as against Defendant Twisted S Enterprises, Inc., Triple S Hydrostatic, Inc. and/or Hudson Services, Inc.

### DAMAGES FOR PLAINTIFF, RUMALDO G. ADAMES

25.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Rumaldo G. Adames was caused to suffer injuries to and pain in his left shoulder, neck and back, and to incur the following damages:

A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Nolan County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;



G.   Loss of earnings in the past;

H.   Loss of earning capacity which will, in all probability, be incurred in the future;

I.   Mental anguish in the past;

J.   Mental anguish in the future; and

K.   Cost of medical monitoring and prevention in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Rumaldo G. Adames, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF KENNY MAXWELL

By: _____

Kenneth L. Maxwell, Jr.
Texas Bar No. 13251300
115 East Third Street
Sweetwater, Texas 79556
Tel. (325) 236-6691
Fax. (325) 235-8750
Attorney for Plaintiff Rumaldo G. Adames

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF NOLAN

The document to which this certificate is affixed, containing 6 pages, is a full, true and correct copy of the original on file and of record in my office.

ATTEST: January 06 20 14
PATTI NEILL, DISTRICT CLERK
NOLAN COUNTY, TEXAS

BY _____ DEPUTY

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY